**ORIGINAL**

# In the United States Court of Federal Claims
No. 13-338C
Filed: December 18, 2013

**FILED**

DEC 1 8 2013

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * *

DANA W. WILEY,

    Plaintiff,

v.

FORMER PRESIDENT BILL CLINTON
U.S. DEPARTMENT OF TREASURY
"CHIEF LISA LOPEZ i.e. [LEFT-EYE]
TONNIE WALKINS i.e. [T-BOZ]
"CHILLY" i.e. [NAME UNIDENTIFIED]
"PEBBLES," FORMER MANAGER i.e.
[TRUE NAME UNIDENTIFIED]
MR. EDMONDS i.e. [BABY FACE] AND
MR. KING i.e. [DON],

    Defendants.

* * * * * * * * * * * * * * * * * *

Pro Se Plaintiff; Subject Matter Jurisdiction; Declaratory and Injunctive Relief; In Forma Pauperis Application; 28 U.S.C. § 1915; Three Strikes Rule; Frivolous Complaint.

    **Dana W. Wiley,** New Brighton, PA, pro se.

    **Michael D. Austin,** Trial Attorney, Commercial Litigation Breach, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him was **J. Hunter Bennett**, Trial Attorney, **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

    Pro se plaintiff Dana W. Wiley was an inmate at the State Correctional Institution SCI-Greene in Waynesburg, PA, at the time he filed his complaint[1] in the Court of Federal Claims.[2] The complaint was followed by plaintiff's "SUMMON MOTION TO OPPOSE THE defendants, THE UNITED STATES, ET. AL., MOTION TO DISMISS,"

---

[1] The complaint is titled "Amendment Complaint" even though it is the first document plaintiff filed.

[2] In November 2013, plaintiff filed a Change of Address notice, indicating his new address as Penn Pavilion, 701 Penn Avenue, New Brighton, PA 15066.

with attached exhibits.[3] Although this latest filing was not submitted in accordance with the rules of this court, given plaintiff's pro se status, the court allowed plaintiff's documents to be filed. Plaintiff's complaint and submissions are extremely difficult to follow. Plaintiff claims his complaint is "an emergency filing seeking implementation regarding judicial redress for reinstate/payments of treasury checks estimation in the amount of 75 million dollars here and from the defendant of U.S. Department of Treasury." Plaintiff claims that on "[s]ome dates in October, 1994 the defendants former president Bill Clinton and the U.S. Department of Treasury 'chief' mail-deposit several millions of dollars in treasury checks [totaling 75 million] to Wiley at 749 Altman Rd. New Castle, Pennsylvania from the White House." Plaintiff further alleges that the "defendants who are the entertainment management for complainant Lisa Lopez i.e. [Left-eye], Tonnie Walkins i.e. [T-Boz], 'Chilly' i.e. [name unidentified], 'Pebbles,' manager i.e. [true name unidentified], Mr. Edmonds i.e. [Baby-face], and Mr. King i.e. [Don], commencing from October 1994 thru the current date of 2013, has and is in the possession of them treasury checks [totaling 75 million], that the former president Clinton and U.S. Department of Treasury 'chief' mail-deposit to complainant."[4]

Plaintiff claims that "[a]ll defendants in their official capacity deprived and violated complainant U.S. Constitutional finances rights for failure to reinstate payments of them

---

[3] Grammatical and spelling errors, brackets and emphasis are reproduced throughout this Order as they appear in the documents submitted by Mr. Wiley.

[4] Notwithstanding plaintiff's failure to name the United States as the party defendant in the case, the court proceeds as if plaintiff's claims are directed at the United States as the party defendant. Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC) (2013) states that "[t]he title of the complaint must name all the parties . . . , with the United States designated as the party defendant." RCFC 10(a); see also 28 U.S.C § 1491(a)(1) (Supp. V 2011). With respect to any defendants listed by plaintiff as defendants, but who are not entities or employees of the United States Federal Government, the United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "[i]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); see also United States v. Sherwood, 312 U.S. at 588; May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir. 2008). This court lacks jurisdiction to adjudicate claims against state agencies and private individuals. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); Woodson v. United States, 89 Fed. Cl. 640, 649 (2009) (citing Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007)).

2

treasury checks [totaling 75 million]." Plaintiff requests that this court issue a declaratory judgment, affirming that defendants' "acts, policies and practices described herein violate complainant Wiley's civil constitutional finance rights." Plaintiff also asks for:

> A preliminary and permanent injunction which (I) Requires for the defendant U.S. Government Treasury Department to reinstate pay complainant them checks [totaling $75 million] (II) Requires for the defendant U.S. Government Treasury Department to compensate pay complainant $250,000 per month commencing from October 1994 thru current date 2013 for failure to reinstate payments of them treasury checks [totaling $75 million. (III) Costs of filing/processing charged to the defendants.

At the time plaintiff filed his complaint, plaintiff filed an application to proceed in forma pauperis. Plaintiff states that at the time he filed his complaint he was employed, and describes his salary as "$0.29¢ for 4hour Prison work detail." Plaintiff claims that he has not received any money from business or other form of self-employment, rents, interest or dividends, pensions, annuities, or life insurance in the last twelve months. He states, however, that he "receive $100.00 from Brother other $100.00 from my grandmother, once every 2 or more years." Plaintiff also asserts that he does not own real estate, stock, bonds, cash, savings or checking accounts, an automobile or any other valuable property. To his application to proceed in forma pauperis, plaintiff attaches his "Offender Transaction History," which reflects his financial transactions on his account at the State Correctional Institution, for roughly six months before the in forma pauperis application was filed.

Defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1) or, in the alternative, for failure to state a claim under RCFC 12(b)(6). Regarding its jurisdictional arguments, defendant notes that this court does not have jurisdiction to entertain plaintiff's claims against the individual defendants, and, further, Mr. Wiley has failed to identify a money-mandating statute that would entitle him to relief. Defendant also argues, citing 28 U.S.C. § 2501 (2006), that the allegations in Mr. Wiley's complaint occurred more than thirteen years ago and, therefore, well before the six year statute of limitations to file a complaint. Regarding defendant's motion for failure to state a claim, defendant argues that the court should dismiss Mr. Wiley's complaint pursuant to RCFC 12(b)(6) because plaintiff's allegations "lack facial plausibility."

3

## DISCUSSION

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction...may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc

4

denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc., v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also Juniper Networks, Inc. v. Shipley, 643 F.3d 1346, 1350 (Fed. Cir. 2011). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Bell Atl. Corp. v. Twombly,] 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557).

When deciding a case based on a lack of subject matter jurisdiction, this court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d

1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Testan, 424 U.S. 392, 400 (1976); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. 206, 216 (1983); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types . . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as

6

claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

Even allowing a liberal reading of the pro se complaint filed by Mr. Wiley, in so many ways, plaintiff has failed to articulate a proper basis for the jurisdiction in this court. First, defendant is correct that the six year statute of limitations bars plaintiff's

7

suit. See 28 U.S.C. § 2501. Plaintiff complaint states that "[s]ome dates in October, 1994 the defendants former president Bill Clinton and the United States Department of Treasury 'chief' mail-deposit several millions of dollars in treasury checks [totaling 75 million] to Wiley at 749 Altman Rd., New Castle, Pennsylvania from the White House." As defendant notes, "even if Mr. Wiley's unsupported allegations were plausible, which they are not, his complaint would be untimely by approximately 13 years."

Further, plaintiff's claims, alleging violations of his "constitutional finance rights," although perhaps creative, are not based on any established constitutional or money-mandating statute, a necessary requirement to grant the United States Court of Federal Claims jurisdiction to review plaintiff's alleged claims. Plaintiff states that, "in an attempt to establish a full and complete review from the violation of complainants finance constitutional rights sought a petition for civil finance lawsuit under 28 U.S.C. 2071(a)(c)." But 28 U.S.C. § 2071 (2006), titled "Rule-making power generally," can in no way be interpreted as a statute mandating compensation by the federal government and only addresses rules prescribed by the United States Supreme Court and other federal courts.

With respect to plaintiff's request for declaratory and injunctive relief, the United States Court of Appeals for the Federal Circuit has indicated that:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998); see also United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); see also Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing United States v. King, 395 U.S. 1, 4 (1969) ("[C]ases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'") and Placeway Constr. Corp. v. United States, 920 F.2d 903, 906 (Fed. Cir. 2000)). None of the statutory circumstances which permit the United States Court of Federal Claims to grant declaratory or equitable relief apply to plaintiff's claim. Accordingly, plaintiff's request for an injunction, or for declaratory relief, cannot be entertained in this court.

8

Plaintiff also asks this court to charge the cost of the filing fee to "the U.S. Government Treasury Department," which the court considers part of plaintiff's in forma pauperis application. The statute at 28 U.S.C. § 1915(g) (2006), titled the Prison Litigation Reform Act, denies in forma pauperis status to repetitive complainants, and was enacted to discourage frivolous lawsuits. It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [titled "Proceedings in forma pauperis"] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Dudley v. United States, 61 Fed. Cl. 685, 686 (2004); McLean v. United States, 566 F.3d 391, 394 (4th Cir. 2009); Pettus v. Morganthau, 554 F.3d 293, 296 (2d Cir. 2009); Warren v. United States, 106 Fed. Cl. 507, 509-10 (2012).

The United States Supreme Court has found that "a court may dismiss a claim as factually frivolous if the facts alleged are 'clearly baseless' . . . a category encompassing allegations that are 'fanciful' . . . 'fantastic' . . . and 'delusional . . . .'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations omitted); see also McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997), appeal dismissed, 152 F.3d 947 (Fed. Cir. 1998). Congress recognized that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Denton v. Hernandez, 504 U.S. at 31 (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)); see also McCullough v. United States, 76 Fed. Cl. at 3.

Mr. Wiley has filed multiple, previous lawsuits in federal courts, including two previous complaints in this court.[5] The United States District Court for the Western

---

[5] See, e.g., Wiley v. Blackshear, et al., No. 13-360C (Fed. Cl. June 6, 2013) (plaintiff's claim for $50 million for various violations of the federal copyright law was dismissed for lack of subject matter jurisdiction); Wiley v. United States, No. 98-819C (Fed. Cl. Oct. 28, 1998) ("[C]omplaint is dismissed as no matter within the Court's jurisdiction has been pleaded."). In addition to the lawsuits in this court, plaintiff has filed multiple habeas corpus petitions in the United States District Court for the Western District of Pennsylvania. See Wiley v. U.S. Government Officials, et al., No. 2:12-cv-01380 (W.D. Pa. Nov. 1, 2012); Wiley v. DiGuglierno, et al., No. 2:99-cv-02117 (W.D. Pa. June 11,

District of Pennsylvania, when dismissing Mr. Wiley's earlier complaint pursuant to 28 U.S.C. § 1915(g), found that the "[c]ourt records indicate that plaintiff has had at least three (3) prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted." Wiley v. Superintendent Folino, et al., No. 2:06-cv-00054, at *2 (W.D. Pa. Feb. 6, 2006). The court cited the following cases in support of its invocation of the "three strikes" rule finding: Wiley v. United States, No. 1:99-cv-2668 (D.D.C. Nov. 30, 1999) (dismissing complaint as frivolous); Wiley v. Suge Knight, No. 1:05-cv-00535 (M.D. Pa. Apr. 4, 2005) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted); Wiley v. Shannon, et al., No. 1:05-cv-01028 (M.D. Pa. July 27, 2005) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted); and Wiley v. Super. Shannon, et al., No. 1:05-cv-02572 (M.D. Pa. Dec. 29, 2005) (dismissing complaint pursuant to 28 U.S.C. § 1915(g) on the grounds that it was barred by the three strikes rule and plaintiff was not "in danger of imminent 'serious physical injury.'"). See Wiley v. Superintendent Folino, et al., No. 2:06-cv-00054, at *2. In addition, another case filed by plaintiff in the Western District of Pennsylvania, Wiley v. State of PA, et al., No. 3:98-cv-00220 (W.D. Pa. Jan. 5, 1999) was dismissed as "legally frivolous in accordance with 28 U.S.C. 1915(e)(B)(i)." The District Court for the Middle District of Pennsylvania also noted that Mr. Wiley "had accrued three strikes as defined by 28 U.S.C. § 1915(g)," and, therefore, that "the Court could not grant him in forma pauperis status in future civil rights actions unless he was in imminent danger of serious physical harm." Wiley v. Folino, 2007 WL 1655506, at *1.

---

2001); Wiley v. DiGuglielrno, et al., No. 2:00-cv-01192 (W.D. Pa. Aug. 29, 2000); Wiley v. Price, et al., No. 2:96-cv-00409 (W.D. Pa. Feb. 26, 1998). Plaintiff also filed a complaint in the in the United States District Court for the Middle District of Pennsylvania, alleging "violation of civil rights (prison conditions)," Wiley v. State of PA, et al., No. 1:98-cv-01368 (M.D. Pa. Aug. 27, 1998), and a motion to vacate a sentence under 28 U.S.C. § 2255 (2006) in the same court. See United States v. Wiley, No. 3:02-cr-0160, 2007 WL 465581 (M.D. Pa. Jan. 10, 2007). The District Court for the Middle District of Pennsylvania in Wiley v. Folino, No. 1:CV-07-0582 (M.D. Pa. May 14, 2007) also dismissed plaintiff's pro se petition for writ of habeas corpus for "lack of jurisdiction as it was challenging a nonexistent September 8, 2003, federal sentence that Petitioner did not receive." Wiley v. Folino, No. 1:CV-07-0582, 2007 WL 1655506, at *1 (M.D. Pa. June 7, 2007). The same court, less than a month later, on June 7, 2007, denied plaintiff's motion to vacate for reconsideration. Id.

Moreover, plaintiff appealed a number of the dismissals of his habeas corpus petitions to the United States Court of Appeals for the Third Circuit. See In re Dana W. Wiley, No. 12-4158 (3rd Cir. Jan. 14, 2013); Wiley v. DiGuglielmo, et al., No. 00-3539 (3rd Cir. Oct. 15, 2001); Wiley v. Price, et al., No. 98-3248 (3rd Cir. June 23, 1998). Different court dockets list different spellings for the defendant in Mr. Wiley's cases.

Even when liberally construed, plaintiff's claims currently before the court are duplicative, frivolous, without merit, and jurisdictionally defective. Moreover, Mr. Wiley is subject to the "three strikes" rule. He has been, and remains, barred from filing further in forma pauperis petitions with this or any other federal court. In the complaint currently before this court, Mr. Wiley has not established, or even alleged, that he is in imminent danger of serious physical harm, pursuant to 28 U.S.C. § 1915(g). Plaintiff's motion to proceed in forma pauperis is denied and plaintiff's complaint is dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction. Plaintiff's motion to proceed in forma pauperis is **DENIED**. The Clerk of Court shall enter **JUDGMENT** consistent with this Order. The Clerk of Court shall not accept any further in forma pauperis filings from this plaintiff.

**IT IS SO ORDERED.**

_____
**MARIAN BLANK HORN**
**Judge**